IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Nathaniel Johnson, Jr., #211574 )<br>) <br>Petitioner, )<br>)<br>v. )<br>)<br>Warden Joseph McFadden, )<br>)<br>Respondent. )<br>_____ ) | Civil Action No.: 1:16-cv-834-RMG<br><br>**ORDER** |

This matter comes before the Court on the Report and Recommendation (R & R) of the Magistrate Judge (Dkt. No. 12), recommending that the petition be dismissed as a successive petition. For the reasons stated below, the Court **ADOPTS** the R & R and **DISMISSES** the Petition.

Petitioner was convicted of criminal sexual conduct in the first degree and kidnapping on March 14, 2007. (Dkt. No. 1 at 1). He filed his first petition for federal habeas relief with regard to these convictions on July 9, 2013. *Johnson v. McFadden*, 1: 13-cv-1794-RMG ("*Johnson I*"), Dkt. Nos. 1, 3. In *Johnson I*, the Court granted Respondent's motion for summary judgment finding all but one claim procedurally barred and finding that Petitioner had not satisfied either prong of Strickland with regard to the one ineffective assistance of counsel claim reached on the merits. *Id.*, Dkt. No. 44 (D.S.C. May 12,2014). Petitioner filed a second petition on September 8, 2015. *Johnson v. McFadden*, 1:15-cv-03611-RMG ("*Johnson II*"), Dkt. No. 1. I *Johnson II*, the Court dismissed the second petition as a successive § 2254 petition. *Id.*, Dkt. No. 22 (D.S.C. Dec. 21, 2015). Petitioner filed his third petition on March 14, 2016. (Dkt. No.1).

In his objections to the R & R, Petitioner states that he "believes this petition to be his first[] and opposes the fact that it may be his third." (Dkt. No. 14 at 5). The reasons for

1

Petitioner's belief are unclear, but this Court cannot consider a second or successive § 2254 petition unless Petitioner obtains a Pre-Filing Authorization from the Fourth Circuit under 28 U.S.C. § 2244(b)(3). He has not done so. Therefore, the Court **ADOPTS** the R & R (Dkt. No. 12), **DISMISSES** the petition, and **DENIES** Petitioner's pending motions as moot (Dkt. Nos. 15, 16).

## Certificate of Appealability

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **DENIED**.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

May __, 2016
Charleston, South Carolina